UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LEROY HALL MCCOY,<br><br>                Plaintiff,<br>v.<br><br>ASHLEY FERCH, *et al.*,<br><br>                Defendants. | Case No. 2:18-cv-00956-MMD-CWH<br><br>ORDER ADOPTING AND ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE CARL W. HOFFMAN, JR. |

Before the Court is the Report and Recommendation of United States Magistrate Judge Carl W. Hoffman, Jr. ("R&R") (ECF No. 11), recommending that the Court dismiss Plaintiff's case for failure to comply with the Court's order (ECF No. 9) to file an amended complaint. Plaintiff had until April 25, 2019, to file an objection. (ECF No. 11.) To date, no objection to the R&R has been filed.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review

employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the R&R without review*. See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Hoffman's R&R. The Court finds good cause to adopt the Magistrate Judge's R&R in full because Plaintiff failed to comply with the Court's order. Plaintiff had until February 15, 2019, to file an amended complaint and has not done so. (ECF No. 9 at 5.) While the copy of Magistrate Judge Hoffman's R&R sent to Plaintiff was returned undeliverable, the order requiring Plaintiff to file an amended complaint by February 15, 2019, was not. (*See* ECF Nos. 9, 11, 12.) Plus, Plaintiff has an ongoing obligation to notify the Court of any change of mailing address. LR IA 3-1 ("An attorney or pro se party must immediately file with the court written notification of any change of mailing address . . . . Failure to comply with this rule may result in the dismissal of the action . . . .").

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule

requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file an amended complaint within 30 days expressly stated: "If plaintiff chooses to file an amended complaint, plaintiff must file the amended complaint within 30 days from the date of this order. Failure to comply with this order will result in a recommendation that this action be dismissed." (ECF No. 9 at 5.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file an amended complaint.

///

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Carl W. Hoffman, Jr. (ECF No. 11) is accepted and adopted in its entirety. Plaintiff's case is dismissed without prejudice for failure to comply with the Court's order, and the Clerk of the Court is instructed to close this case.

DATED THIS 29th day of May 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE